﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190219-3080
DATE: October 31, 2019

REMANDED

Entitlement to service connection for ischemic heart disease is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1968 to February 1972. 

In October 2018, the Veteran chose to participate in the Rapid Appeals Modernization Program (RAMP), a program to allow claimants to have their appeal considered under the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a January 2019 rating decision of Department of Veterans Affairs (VA) Regional Office (RO). The Board received VA Form 10182 (Board Appeal: Notice of Disagreement) on February 19, 2019 from the Veteran, which reflects that he selected the evidence submission review option by a Veterans Law Judge. An April 2019 Board letter notified the Veteran and his representative that his appeal was placed on the Evidence Submission docket and that he had 90 days from the date of the Board’s receipt of his VA Form 10182 to submit new evidence. The Board has received no evidentiary submissions within the 90-day window.

Entitlement to service connection for ischemic heart disease is remanded.

The Veteran contends that he has ischemic heart disease (IHD) due to herbicide exposure in the Republic of Vietnam during his active service. He essentially argues that his official duties took him to the Republic of Vietnam.

Prior to the January 2019 rating decision on appeal, the Veteran provided evidence placing him in Vietnam around August 1970. A remand is required to allow VA to attempt to verify the Veteran’s asserted in-service exposure to herbicide agents with the Joint Services Record Research Center (JSRRC) or any other appropriate agency. If more details are needed prior to submitting the request to the JSRRC, contact the Veteran to request the specific information required for that inquiry. Only, if there is still insufficient information to verify exposure to herbicide agents with JSRRC, issue a Formal Finding outlining the steps taken to assist the Veteran and notify the Veteran of VA’s inability to verify the in-service herbicide agent exposure.

Here, although, in June 2017, the agency of original jurisdiction (AOJ) made a Formal Finding of it lacked information required to obtain verification of service in the Republic of Vietnam or exposure to herbicide agents from the JSRRC, the record reflects no indication that has notified of the information he needed to provide in order for verification through the JSRRD. Further, the Veteran subsequently provided evidence placing him in Vietnam around August 1970. Specifically, the Veteran submitted two letters- the first dated August 1970, in which he tells his wife that he flew his first combat mission to Da Nang, Vietnam, noting that he was flying around all night. A second, undated letter, from the Veteran to his spouse reflects “Well here I am back down here in Viet Nam. I have been here since the 9th but I just haven’t had time to write.” The letter later reflects that it was written on the 14th day of that month. This letter suggests that he had been in the Republic of Vietnam for five days. 

Given above, the Board finds a pre-decisional duty to assist error that must be cured. Thus, a remand is necessary to refer the Veteran’s case to the Joint Services Record Research Center (JSRRC) or other appropriate agency to determine whether the Veteran was in the Republic of Vietnam as he states and presumed to be exposed to herbicide agents. VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.802(a)). 

The matters are REMANDED for the following action:

Attempt to verify the Veteran’s asserted in-service exposure to herbicide agents. If more details are needed, contact the Veteran to request the information (including specific dates to narrow the inquiry). If there is still insufficient information to verify exposure to herbicide agents, issue a Formal Finding outlining the steps taken to assist the Veteran and notify the Veteran of VA's inability to verify the in-service herbicide agent exposure.

 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.L. Reid, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.